Per Curiam.

A majority of the court (Weygandt, C. J., Taft, Matthias and O’Neill, JJ.) are of the opinion that, in furnishing pumps in order to make sales of gasoline for nonfarm use, Lite Star used those pumps directly in making retail sales. Hence, the purchase of those items by Lite Star with the purpose of so using them was not subject to sales tax.
A majority of the court (Zimmerman, Taft, Matthias, Bell and Herbert, JJ.) are of the opinion that, in furnishing the tanks and pumps to its customers in making sales of gasoline for farm use, Lite Star did not use those items directly in making retail sales as that term is defined in Section 5739.01, Be-vised Code (excepting from the definition of “retail sales,” sales made where “the purpose of the consumer is * * * to use * * * the thing transferred directly in * * * farming”). Hence, sales of those items to Lite Star were taxable. That majority is further of the opinion that the definition of “retail sale” found in the sales tax statutes (Sections 5739.01 to 5739.99, Bevised Code) should be followed in construing the use tax statutes (Sections 5741.01 to 5741.99, Bevised Code) since, although there is no definition of “retail sale” in the latter statutes, a legislative intent should be implied to have the same meaning given to the word's “use * * * directly in making retail sales” in the use tax statutes, as effective prior to July 1, 1959, as in the sales tax statutes. (See Section 5741.02 (C)(2), Bevised Code, effective July 1, 1959.)
*93 It follows that the part of the decision of the Board of Tax Appeals denying exception from sales tax as to pumps furnished to customers with respect to sales for nonfarm use must be reversed; and that otherwise the decision appealed from must be affirmed.

Judgment accordingly.